DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA,             )<br>                                                                )<br>                   **Plaintiff,**                     )<br>                                                                )<br>                         v.                                   )     Case No. 3:20-cr-0005<br>                                                                )<br>**LEROY HENRY, JR.,**                      )<br>                                                                )<br>                   **Defendant.**                 )<br>                                                                ) | |

### ORDER

**BEFORE THE COURT** is Leroy Henry's motion to supress evidence and statements in this case. (ECF No. 15.) For the reasons stated below, the Court will order Henry to show cause why that portion of his motion to suppress challenging a January 10, 2020 search warrant issued by a magistrate judge in the Virgin Islands Superior Court as lacking probable cause should not be summarily denied.

On January 10, 2020, a search warrant was obtained from a magistrate judge in the Virgin Islands Superior Court to search a vehicle last registered to Leroy Henry, Jr. ("Henry") in 2017. Thereafter, on January 14, 2020, law enforcement officers executed the search warrant. Law enforcement recovered a loaded firearm and three magazines concealed in a compartment underneath the vehicle's center console.

On January 30, 2020, a federal grand jury returned an indictment charging Leroy Henry, Jr. ("Henry") with (1) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and (2) being a felon in possession of ammunition, specifically 49 rounds of .40 caliber ammunition, in violation of 18 U.S.C. § 922(g)(1).

On February 24, 2020, Henry filed a motion to suppress all physical evidence and statements in this case. In that motion, Henry challenges the January 10, 2020 search warrant issued by the magistrate judge in the Virgin Islands Superior Court as lacking probable cause. Henry also seeks suppression of his statements made on January 14, 2020, arguing that he did not knowingly and voluntarily waive his *Miranda* rights and that his

statements were not voluntary. On March 9, 2020, the United States filed an opposition to Henry's motion to suppress.

Thereafter, on December 2, 2020, the Court held an evidentiary hearing on Henry's motion to suppress. Whilst evidence was presented related to Henry's Fifth Amendment challenge, neither party sought to introduce any evidence related to Henry's challenge of the January 10, 2020 search warrant. Rather, the parties represented that they relied on their arguments in the briefing and the four corners of the January 10, 2020 search warrant.

"[I]n reviewing the issuance of a warrant . . ., [courts] are to determine whether the magistrate had a 'substantial basis' for concluding that probable cause was present." *United States v. Ritter*, 416 F.3d 256, 262 (3d Cir. 2005) (citations omitted). A reviewing court "is not to make [its] own assessment as to whether probable cause existed. Rather, [it is] constrained to determine only whether the affidavit provides a sufficient basis for the decision the magistrate judge actually made." *United States v. Jones*, 994 F.2d 1051, 1057 (3d Cir. 1993). Here, the January 10, 2020 search warrant is not in this Court's record. As such, there is no affidavit before the Court that the Court is able to review in this matter.

Significantly, "[i]t is well established that the burdens of production and persuasion generally rest upon the movant in a suppression hearing." *United States v. De la Fuente*, 548 F.2d 528, 533 (5th Cir. 1977); *cf. United States v. Bassignani*, 560 F.3d 989, 993 (9th Cir. 2009) (finding that the burden rests with the defendant to prove he was in custody or under arrest). "[I]n some well-defined situations the ultimate burden of persuasion may shift to the government upon an initial showing of certain facts by the defendant." *De la Fuente*, 548 F.2d at 533. "For example, if a defendant produces evidence that he was arrested or subjected to a search without a warrant, the burden shifts to the government to justify the warrantless arrest or search." *Id.* However, because a search warrant was obtained in this matter, the burden remains with Henry to show that warrant was lacking probable cause. As such, given that the affidavit in support of the January 10, 2020 search warrant is not in the record, the

*United States v. Henry*
Case No. 3:20-cr-0005
Order
Page 3 of 3

Court will order Henry to show cause why that portion of his motion to suppress challenging the January 10, 2020 search warrant should not be summarily denied.

The premises considered, it is hereby

**ORDERED** that, by no later than January 20, 2021, Henry shall **SHOW CAUSE** why that portion of his motion to suppress challenging a January 10, 2020 search warrant issued by a magistrate judge in the Virgin Islands Superior Court as lacking probable cause should not be summarily denied.

**Dated:** January 13, 2021    /s/ *Robert A. Molloy*
                              **ROBERT A. MOLLOY**
                              **District Judge**